UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00883 JVS (JCGx) | Date | September 3, 2015 |
| Title | Tracy M. Munchoff v. Colton W. Munchoff, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS )   Order Granting Plaintiff's Motion to Remand and Denying as Moot Met Life Defendants' Motion to Dismiss

Before the Court are two motions.

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Tracy Munchoff ("Tracy") moves to remand the case to Orange County Superior Court.  (Mot. Remand, Docket ("Dkt.") No. 14; Mem. P. & A. Supp. Mot. Remand, Dkt. No. 14-1.)  Defendants MetLife Investors Distribution Company, MetLife Investors Group, Inc., and MetLife, Inc. (collectively, "MetLife") oppose.  (Opp'n Mot. Remand, Dkt. No. 21.)  Tracy has replied.  (Reply Supp. Mot. Remand, Dkt. No. 22.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), MetLife moves to dismiss Tracy's Complaint.  (Mot. Dismiss, Dkt. No. 19.)   Tracy opposes.  (Opp'n Mot. Dismiss, Dkt. No. 23.)  MetLife has replied.  (Reply Supp. Mot. Dismiss, Dkt. No. 24.)

For the foregoing reasons, the Court **GRANTS** Tracy's motion to remand, which renders moot MetLife's motion to dismiss.

I.    **Background**[1]

In July 2010, Defendant Colton Munchoff ("Colt") filed a petition for legal

---

[1] Unless otherwise indicated, at this time the Court considers any facts stated in this Order as only alleged and not as true.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00883 JVS (JCGx) | Date | September 3, 2015 |
| Title | Tracy M. Munchoff v. Colton W. Munchoff, et al. | | |

separation in Orange County Superior Court to end the marriage between Colt and Tracy. (Not. Removal, Ex. A (Compl.) ¶ 13, Dkt. No. 1-1.)[2] While married to Tracy, Colt was an employee of Metlife Investors Distribution Company. (Id. at ¶ 14.) As part of his employment, Colt was a participant in four MetLife retirement plans (hereinafter, the "MetLife Retirement Accounts"). (Id. at ¶¶ 14, 16.)[3] At the date of separation—June 2010—the MetLife Retirement Accounts had a total balance of approximately $472,790. (Id.)

MetLife was not joined in the dissolution action. (Id. at ¶ 12.) On July 28, 2010 Tracy served on MetLife, the plan administrator, a "Notice of Interest in Retirement" pursuant to California Family Code § 755(b). (Id. at ¶ 15, Ex. A, Dkt. No. 19-1.)

On June 26, 2012, the court entered a final judgment in the dissolution of Tracy and Colt's marriage. (Id. at ¶ 18, Ex. B, Dkt. No. 19-1.) This judgment provided that the MetLife Retirement Accounts would be divided pursuant to a Qualified Domestic Relations Order ("QDRO"). (Compl. ¶ 19.) When Tracy attempted to serve the QDRO on MetLife for Colt's MetLife Retirement Accounts, the administrator informed her that no funds remained in those accounts. (Id. at ¶ 20.) Tracy believes that no funds remained because prior to serving the QDRO, Colt had (1) transferred a portion of the funds to an account in his name only on about the date the dissolution judgment was entered; and (2) withdrawn the remaining portions some time in 2013. (Id. at ¶¶ 20–22.)

Thereafter, on July 10, 2014, Orange County Superior Court Judge Salvador Sarimento issued an order that prohibited Colt from further withdrawing retirement funds and required him to pay Tracy the unpaid retirement funds from the MetLife Retirement Accounts. (Id. at ¶ 25, Ex. C, Dkt. No. 19-1.) Colt did not comply with this order. (Compl. ¶ 26.) Consequently, Tracy initiated the present action in Orange County Superior Court and alleged six causes of action, including (1) breach of fiduciary duty;

---

[2] Colt has filed an Answer to Tracy's Complaint and is silent on the two motions presently before the Court. (See Answer, Dkt. No. 15.)

[3] The four retirement plans included the Metlife Personal Retirement Account/Pension Plan Account, the MetLife Auxiliary Savings and Investment Plan, the MetLife 401K Savings and Investment Plan, and the MetLife Auxiliary Savings and Investment (Flex Account). (Compl. ¶ 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-00883 JVS (JCGx)                              Date   September 3, 2015

Title   Tracy M. Munchoff v. Colton W. Munchoff, et al.

(2) conversion; (3) negligence; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) accounting.  (Id. at ¶¶ 27–58.)  On June 4, 2015, MetLife removed the action to this Court without any joinder or consent by Colt.  (Not. Removal.)  Tracy now moves to remand and MetLife moves to dismiss the Complaint for failure to state a claim.

II.   **Motion to Remand**

  A.   Legal Standard

   Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

   "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992).

  B.   Discussion[4]

---

[4] As a threshold issue that neither party addresses, 28 U.S.C. § 1447(c) requires that motions to remand based on "any defect other than lack of subject matter jurisdiction" must be filed within thirty days after the notice of removal is filed. Although Tracy's motion to remand argues that the notice of removal is procedurally defective, she filed the motion to remand three days past this thirty-day time period.  (Compare Not. Removal (filed June 4, 2015) with Mot. Remand (filed July 7, 2015).)  This is inconsequential here, however, because the thirty-day time period ended during the Fourth of July holiday weekend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00883 JVS (JCGx) | Date | September 3, 2015 |
| Title | Tracy M. Munchoff v. Colton W. Munchoff, et al. | | |

Tracy argues that remand is warranted because (1) the notice of removal was not joined or consented to by one of the defendants, Colt, and thus is procedurally defective; and (2) the case lacks federal question subject matter jurisdiction. (Mem. P. & A. Supp. Mot. Remand 2–5.) Before addressing these arguments, the Court first addresses MetLife's assertion that the motion should be denied for failure to comply with Local Rule 7-3. (Opp'n Mot. Remand 2–3.)

### 1. Local Rule 7-3

Local Rule 7-3 requires that the parties "meet and confer" in advance of filing such a motion "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The conference must occur at least seven (7) days prior to the filing of the motion.[5] L.R. 7-3. In the notice of the motion, the moving party must include a statement to the effect: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on [date]." Id.

Tracy admits that she failed to include the compliance statement in her motion to remand (Reply Supp. Mot. Remand 1–2), but her counsel submits a declaration stating that he conferred with MetLife's counsel via telephone regarding this motion on June 5, 2015. (O'Sullivan Decl. ¶¶ 2–3, Dkt. No. 22-1.) MetLife's Opposition Brief claims that no such conversation occurred (Opp'n Mot. Remand 2–3), but does not submit a declaration supporting that claim. Thus, although Tracy admits to not complying with one prong of Local Rule 7-3, the Court finds that she has complied with the heart and spirit of the rule; namely, that the parties met and conferred prior to the motion being filed. The Court will not deny Tracy's motion to remand based on Local Rule 7-3.

### 2. Procedural Defect

Tracy asserts that MetLife's Notice of Removal is procedurally defective because properly joined and served defendant Colt did not join or consent to the removal. (Mem. P. & A. Supp. Mot. Remand 2–3.) Thus, Tracy contends that MetLife violated the rule of unanimity, which is a procedural defect sufficient for remand that "requires that all

---

[5] Local Rule 7-3 was amended on June 1, 2013. The only motions not covered by the rule are those listed as exempt in Local Rule 16-12, discovery motions, and applications for temporary restraining orders or preliminary injunctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00883 JVS (JCGx) | Date | September 3, 2015 |
| Title | Tracy M. Munchoff v. Colton W. Munchoff, et al. | | |

defendants in a state court action consent to removal." Ettlin v. Harris, No. SACV 13-1515-DOC, 2013 WL 6178986, at *2 (C.D. Cal. Nov. 22, 2013) (citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)). The U.S. Supreme Court announced the rule in 1900, but Congress codified the requirement in 2011. Ettlin, 2013 WL 6178986, at *2. Since the amendment, the removal procedure statute requires that for actions "removed solely under [28 U.S.C. § 1441(a)]," as is the instant action (Not. Removal ¶ 5), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

MetLife admits that even though they removed the action under 28 U.S.C. § 1441(a), defendant Colt did not join or consent to the removal. (Opp'n Mot. Remand 3–4.) Instead, MetLife argues that Colt's joining or consent was not required because the claims against MetLife are "separate and independent" from the claims against Colt. (Id. (citing Henry v. Indep. Am. Sav. Ass'n, 857 F.2d 995, 999 (5th Cir. 1988).) MetLife's argument relies on a Fifth Circuit case from 1988 which held that the rule of unanimity did not apply to "separate and independent" claims "removed pursuant to 28 U.S.C. § 1441(c)." See Henry, 857 F.2d at 999; Hatcher v. City of Porterville, No. 1:11-CV-02015-AWI-SKO, 2012 WL 439424, at *6 (E.D. Cal. Feb. 9, 2012). This "separate and independent" claim exception was also codified at 28 U.S.C. § 1441(c) prior to Congress' 2011 amendment to the statute. Id. (quoting the pre-amendment version of 28 U.S.C. § 1441(c)).

MetLife thus relies on an exception to the rule of unanimity that did not apply to removals pursuant to 28 U.S.C. § 1441(a) and is no longer codified for removals pursuant to § 1441(c). Even assuming MetLife could potentially rely on the "separate and independent" claim exception, it is inapplicable here. "A claim will be considered 'separate and independent' from other claims if it involves an actionable wrong separate from the other claims and if complete relief may be afforded as to it without reference to the other claims and without the presence of the parties to the other claims." Hatcher, 2012 WL 439424, at *7 (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 13–14 (1951); Erlich v. Oxford Ins. Co., 700 F. Supp. 495, 497 (N.D. Cal. 1988)).

MetLife must show an actionable wrong separate from the wrong allegedly committed by Colt. MetLife cannot do so. Tracy's claims, against both Colt and Metlife, rely on one actionable wrong; namely, the divestment of funds from Colt's MetLife Retirement Accounts despite Tracy's timely notice of her marital interest in them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00883 JVS (JCGx) | Date | September 3, 2015 |
| Title | Tracy M. Munchoff v. Colton W. Munchoff, et al. | | |

Moreover, Tracy cannot obtain complete relief in her claims against Colt without reference to her claims against MetLife. Tracy's claims against all the Defendants here "derive[] from the same set of facts [and] the alleged injury is the result of a series of interrelated transactions." Hatcher, 2012 WL 439424, at *7 (citing Finn, 341 U.S. at 9–10). Thus, MetLife could not benefit from the "separate and independent" claim exception.

Because a violation of the unanimity rule is a procedural defect sufficient for remand under 28 U.S.C. § 1447(c), MetLife's Notice of Removal is procedurally defective and the Court remands this action on that basis. See 28 U.S.C. § 1447(c); Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 938 (9th Cir. 2010); Aguon-Schulte v. Guam Election Comm'n, 469 F.3d 1236, 1240 (9th Cir. 2006). The Court need not address whether it has federal question subject matter jurisdiction.[6]

---

[6] However, the Court notes that but for the procedural defect, the Court would likely find that it has federal question subject matter jurisdiction because Tracy's claims against MetLife would be completely preempted under ERISA § 502(a), 29 U.S.C. § 1132(a). See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (holding that despite the general rule that a defense of federal preemption of a state-law claim is insufficient for federal question jurisdiction, complete preemption removal under ERISA § 502(a) is sufficient). Tracy's claims meet both prongs of the test set out in Aetna Health v. Davila, 542 U.S. 200, 210 (2004). First, as a person "who is or may become entitled to a benefit" under the MetLife Retirement Accounts and someone "who is an alternate payee under a [QDRO]," see 29 U.S.C. §§ 1002(8), 1056(j), Tracy could have brought her claims under ERISA § 502(a)(1)(B) as a beneficiary. See 29 U.S.C. § 1132(a); Davila, 542 U.S. at 210; (Compl. ¶¶ 19, 20, 26.) Second, in applying a "practical, rather than a formalistic, analysis," Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1111 (9th Cir. 2011), Tracy's claims are not based on an independent legal duty even though she relies on California Family Code § 755(b). See Davila, 542 U.S. at 210. Section 755(b) involves the payment liability of ERISA administrators that receive notice from a potential beneficiary. Cal. Fam. Code § 755(b). Thus, any claims based on that statute "exist[] here only because of [MetLife's] administration of ERISA-regulated benefit plans." Fossen, 660 F.3d at 1111 (internal quotation marks and citation omitted). Tracy's reliance on In re Marriage of Oddino, 16 Cal. 4th 67, 71 (1997) is misplaced because it did not discuss ERISA preemption, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-00883 JVS (JCGx)    Date  September 3, 2015

Title  Tracy M. Munchoff v. Colton W. Munchoff, et al.

      3.    **Attorney's Fees**

      Pursuant to 28 U.S.C. § 1447(c), Tracy requests that the Court award reasonable attorney's fees and costs "incurred as a result of the removal." (Mem. P. & A. Supp. Mot. Remand 6); 28 U.S.C. § 1447(c). "[T]he standard for awarding fees [upon proof of a motion to remand] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

      Here, MetLife's reliance on the "separate and independent" claim exception to the rule of unanimity does not appear to be objectively unreasonable bases for removal. Therefore, the Court declines to award Tracy attorney's fees and costs.

III.    **Motion to Dismiss**

      The Court's remanding of the action renders moot MetLife's motion to dismiss.

IV.    **Conclusion**

      For the foregoing reasons, the Court **GRANTS** Tracy's motion to remand, but does not award Tracy attorney's fees and costs incurred as a result of the removal. This action is remanded back to the Orange County Superior Court from which it was removed. The Court **DENIES AS MOOT** MetLife's motion to dismiss.

      **IT IS SO ORDERED.**

---

```
held that "state courts have subject matter jurisdiction,
concurrent with that of the federal courts, over whether a
domestic relations order is a QDRO as defined in ERISA."
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-00883 JVS (JCGx)                                      Date   September 3, 2015

Title   Tracy M. Munchoff v. Colton W. Munchoff, et al.

|  |  |  |  |
|---|---|---|---|
|  |  | 0 : 00 |  |
|  | Initials of Preparer | kjt |  |